# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAHUL SHAH, MD, o/a/o Edward H., | 1:17-cv-00166 (NLH/JS) |
| Plaintiff, | **OPINION** |
| v. | |
| HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, et al., | |
| Defendants. | |

**APPEARANCES**:

MICHAEL GOTTLIEB
CALLAGY LAW, PC
650 FROM ROAD, SUITE 565
PARAMUS, NEW JERSEY 07652
    On behalf of Plaintiff

MICHAEL E. HOLZAPFEL
BECKER LLC
354 EISENHOWER PARKWAY
PLAZA II SUITE 1500
LIVINGSTON, NEW JERSEY 07039
    On behalf of Defendants

**HILLMAN**, District Judge

    This is one of many ERISA suits in this District filed by purported assignees – here, Plaintiff Rahul Shah, M.D. – of individual patients against the patients' various insurance companies – here, Defendants Horizon Blue Cross Blue Shield of

New Jersey and Blue Cross Blue Shield of Minnesota.[1]  The
assignees claim the defendant insurance companies wrongfully
denied requests for payment of benefits under the patients'
health insurance policies, and, consequently, bills for services
were not fully paid.

Presently before the Court is Defendant's Motion to Dismiss
the complaint pursuant to Federal Rule of Civil Procedure
12(b)(6).  For the reasons expressed below, Defendant's motion
will be granted in part, denied in part, and denied as moot in
part.

**I.**

We take our facts from Plaintiff's November 23, 2016
complaint.  On April 27, 2015, Plaintiff performed a cervical
fusion procedure on Edward H. ("Patient").  Defendant
administered Patient's employee welfare benefit plan ("Plan").
Plaintiff obtained an assignment of benefits from Patient,
pursuant to which Plaintiff completed a Health Insurance Claim
Form demanding a $255,695 reimbursement for Patient's surgical
procedure.  Defendant paid $16,014.88.  Accordingly, Plaintiff
alleges he is still due $239,680.12.

Plaintiff brings claims for breach of contract; failure to

---

[1]   The Court has federal question subject matter jurisdiction
pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction
pursuant to 28 U.S.C. § 1367.  Horizon Blue Cross Blue Shield of
New Jersey was dismissed from this action on March 8, 2017.

2

make payments under 29 U.S.C. § 1132(a)(1)(B); breach of fiduciary duty under 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1), and 29 U.S.C. § 1105(a); and failure to maintain reasonable claims procedures under 29 C.F.R. 2560.503-1. Defendant subsequently filed a motion to dismiss for failure to state a claim.

## II.

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977). However, "the Federal Rules of Civil Procedure . . . do require that the pleadings 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3

(1984) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Bell Atl. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)("Iqbal . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

### III.

Defendant asserts the following arguments: (1) Plaintiff lacks standing due to the anti-assignment clauses in the Plan; (2) Plaintiff failed to sufficiently allege exhaustion of administrative remedies; (3) Plaintiff's state law claims are preempted by ERISA; and (4) Plaintiff's claim of violation of 29 C.F.R. 2560.503-1 is defective as lacking a private right of action. The Court addresses each argument in turn.

### A. Defendant's Standing Argument Is Not Ripe for Decision on a Motion to Dismiss.

"ERISA confers standing to sue on a plan 'participant' or 'beneficiary,' or 'fiduciary.'" Atl. Orthopaedic Assocs., LLC

4

v. Blue Cross & Blue Shield of Tex., No. 15-1854, 2016 WL 889562, at *3 (D.N.J. Mar. 7, 2016) (quoting ERISA § 502(a), 29 U.S.C. § 1132(a)). However, "when a patient assigns payment of insurance benefits to a healthcare provider, that provider gains standing to sue for that payment under ERISA § 502(a). An assignment of the right to payment logically entails the right to sue for non-payment." N. Jersey Brain & Spine Ctr. v. Aetna, Inc., 801 F.3d 369, 372 (3d Cir. 2015); accord Am. Orthopedic & Sports Med. v. Indep. Blue Cross, LLC, No. 16-8988, 2017 WL 1243147, at *2 (D.N.J. Feb. 24, 2017) ("Third Circuit precedent sets forth that a healthcare provider may bring a cause of action by acquiring derivative standing through an assignment of rights from the plan participant or beneficiary to the healthcare provider.").

Defendant argues the Plan "contains clear anti-assignment clauses, which prohibit the Participant's assignment of any rights or benefits under his Plan." Defendant highlights the following provisions from the Plan:

**Authorized Representatives**

. . . .

A claimant may not assign to any other person or entity his or her right to legally challenge any decision, action, or inaction of the Claims Administrator.

. . . .

5

**No Third Party Beneficiaries**

The Plan benefits described in this Summary Plan Description are intended solely for the benefit of you and your covered dependents. No person who is not a Plan participant or dependent of a Plan participant may bring a legal or equitable claim or cause of action pursuant to this Summary Plan Description as a third party beneficiary or assignee hereof.

. . . .

**Enforce Your Rights**

. . . .

. . . If you have a claim for benefits which is denied or ignored, in whole or in part, you may file suit in a state or federal court. . . . **[H]owever, you may not assign, convey, or in any way transfer your right to bring a lawsuit to anyone else.**

(Docket No. 8-3 at 21, 73).[2]

In opposition, Plaintiff makes three distinct arguments as to why the anti-assignment clauses do not apply. First, Plaintiff argues the anti-assignment clauses are inapplicable because the assignment concerns a "post-loss" claim rather than

---

[2] While not attached to the Complaint, the Plan documents may still be considered by this Court. "To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint, and matters of public record." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). However, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Id. "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." Id.

6

a "pre-loss" claim.  Plaintiff relies primarily on the New Jersey Supreme Court case Givaudan Fragrances Corp. v. Aetna Casualty & Surety Co., 151 A.3d 576 (N.J. 2017) for this argument.  However, this case is governed by ERISA, and thus this Court is guided by federal law.[3]

"Although the Third Circuit has not addressed the issue of anti-assignment clauses in health care plans, courts in this District have found provisions similar to those contained in this Plan to be valid and enforceable," which "is consistent with the overwhelming weight of authority from the various circuit courts that have addressed the enforceability of anti-assignment clauses under ERISA."  IGEA Brain & Spine, P.A. v. Blue Cross & Blue Shield of Minn., No. 16-5844, 2017 WL 1968387, at *2 (D.N.J. May 12, 2017) (citing authorities).  We find the anti-assignment provisions to be "clear and unambiguous and therefore valid and enforceable."  See Am. Orthopedic & Sports Med., 2017 WL 1243147, at *4.  Accordingly, we move to Plaintiff's second argument.

Plaintiff next argues the anti-assignment clauses are inapplicable because the Plan is maintained for Plaintiff in the

---

[3] Further, Plaintiff fails to cite any authority from the Third Circuit for this argument.

sense he is a provider of a covered service.[4]  However, "courts in this District have repeatedly upheld anti-assignments provisions in ERISA contracts against providers." Advanced Orthopedics & Sports Med. v. Blue Cross Blue Shield of Mass., No. 14-7280, 2015 WL 4430488, at *5 (D.N.J. July 20, 2015).

Third, Plaintiff argues the anti-assignment clauses are inapplicable because they were waived by Defendant through a course of dealing with Plaintiff.  This defense implicates facts outside the scope of the pleadings, and thus this issue cannot be decided on a motion to dismiss.[5]  See, e.g., Lourdes Specialty Hosp. of S. N.J. v. Anthem Blue Cross Blue Shield, No. 16-07631, 2017 WL 3393807, at *3 (D.N.J. Aug. 7, 2017) (deciding similarly); Shah ex rel. Monica M. v. Horizon Blue Cross Blue Shield of Mass., No. 16-5946, 2017 WL 1745608, at *2 (D.N.J. May 4, 2017) (deciding similarly); Drzala v. Horizon Blue Cross Blue Shield, No. 15-8392, 2016 WL 2932545, at *4 (D.N.J. May 18, 2016) (denying a motion to dismiss for lack of standing based on an anti-assignment clause); Atl. Orthopaedic Assocs., LLC, 2016 WL 889562, at *5 (declining to rule, on a motion to dismiss,

---

[4]  Plaintiff again fails to cite any Third Circuit authority for this proposition.

[5]  Similarly, Defendant's argument that Plaintiff first assigned the benefits in July 2014 to Premier Orthopedic Associates of Southern NJ, LLC also implicates facts outside the scope of the pleadings.

8

that an anti-assignment clause was or was not waived by a course of dealing, explaining that the issue may be "explored further in discovery" and decided on "a far more complete record"). Accordingly, Defendant's motion to dismiss on the basis of Plaintiff's asserted lack of standing is denied.[6]

**B. Defendant's Exhaustion of Administrative Remedies Argument Is Not Ripe for Decision on a Motion to Dismiss.**

We similarly decline to dismiss the complaint based on Defendant's argument that Plaintiff failed to exhaust his administrative remedies. In his complaint, Plaintiff alleges he "engaged in the applicable administrative appeals process maintained by Defendant." "The requirement that a plaintiff have exhausted administrative remedies does not seem to embody any particular standard of pleading. Rather, it is ordinarily addressed with the aid of evidence adduced in discovery, typically on a motion for summary judgment." <u>NJSR Surgical</u>

---

[6] The Court recognizes that the determination of whether these types of cases should be dismissed at the motion to dismiss stage on the interpretation of an ERISA plan's purported anti-assignment provision varies throughout the District. From the Court's review of the cases, although the anti-assignment clauses at issue are similar, they are not identical, and it is therefore unlikely one rule will apply uniformly to all these matters. Moreover, even though similar or the same anti-assignment clauses may be presented in different cases, while persuasive, no one district court's decision on the issue is binding on another district court. In the instances that this Court has been tasked to assess an anti-assignment provision by way of a motion to dismiss, the Court has looked at each case individually to determine whether dismissal is appropriate, which is the course that should be followed in any type of case.

9

Ctr., LLC v. Horizon Blue Cross Blue Shield of N.J., Inc., 979 F. Supp. 2d 513, 524 (D.N.J. 2013). The Court similarly finds this issue more appropriate for decision on a summary judgment motion.

**C. Plaintiff's state law breach of contract claim has been voluntarily dismissed.**

In his opposition brief, Plaintiff "agrees to voluntarily dismiss Count I" – the state law breach of contract claim. Accordingly, the Court will dismiss this claim pursuant to Federal Rule of Civil Procedure 41(a), and the Motion to Dismiss Count One is denied as moot.

**D. Plaintiff's claim under 29 C.F.R. 2560.503-1 will be dismissed as lacking a private right of action.**

"29 C.F.R. § 2560.503-1 does not give rise to a private right of action." Shah ex rel. Marjorie M. v. Horizon Blue Cross Blue Shield, No. 15-8590, 2016 WL 4499551, at *12 (D.N.J. Aug. 25, 2016); accord Lourdes Specialty Hosp. of Southern N.J. ex rel. Micah V., 2017 WL 3393807, at *4; Shah ex rel. Lorraine J., No. 17-195, 2017 WL 2918943, at *3 (D.N.J. July 6, 2017); Shah ex rel. Monica M., 2017 WL 1745608, at *2. Accordingly, Defendant's Motion to Dismiss Count Four will be granted.

**IV.**

For the reasons set forth above, Count One of the Complaint will be dismissed pursuant to Federal Rule of Civil Procedure 41(a), and Defendant's motion to dismiss Count One will be

denied as moot.  Defendant's motion to dismiss will be granted as to Count Four, but denied in all other respects.


An appropriate Order will be entered.


Date: September 27, 2017      _s/ Noel L. Hillman\
At Camden, New Jersey     NOEL L. HILLMAN, U.S.D.J.